1   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
2     E-Mail: John.Barber@lewisbrisbois.com
JULIE W. O'DELL, SB# 291083
3     E-Mail: Julie.ODell@lewisbrisbois.com
650 Town Center Drive, Suite 1400
4   Costa Mesa, California 92626
Telephone: 714.545.9200
5   Facsimile: 714.850.1030

6   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
LAUREN E. WERTHEIMER, SB# 327900
7     E-Mail: Lauren.Wertheimer@lewisbrisbois.com
633 West 5th Street, Suite 4000
8   Los Angeles, California 90071
Telephone: 213.250.1800
9   Facsimile: 213.250.7900

10  Attorneys for Defendants
UNITED SCHUTZHUND CLUBS OF AMERICA and
11  JIM ALLOWAY

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14

15  ZOLTAN NAGY,                          CASE NO. 3:19-cv-08459-MMZ

16          Plaintiffs,
                                          District Judge: Honorable Maxine M.
17      vs.                               Chesney
                                          Courtroom: 7, 19th Floor
18  UNITED SCHUTZHUND CLUBS OF
AMERICA; JIM ALLOWAY, and             UNITED SCHUTZHUND CLUBS OF
19  DOES 1 to 10,                         AMERICA and JIM ALLOWAY
                                          ANSWER TO COMPLAINT
20          Defendants.
                                          Action Filed: December 30. 2019
21

22      **TO THE COURT, TO PLAINTIFF, AND TO HER ATTORNEYS OF**

23  **RECORD:**

24          Defendant United Schutzhund Clubs of America ("Defendant") hereby

25  answers and responds to the Complaint filed by Plaintiff ZOLTAN NAGY in the

26  United States District Court for the Northern District of California, San Francisco

27  Division.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## PARTIES AND JURISDICTION

1.     With respect to the allegations in Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of these allegations and on that basis denies the allegations.

2.     With respect to the allegations in Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of these allegations and on that basis denies the allegations.

3.     With respect to the allegations in Paragraph 3 of the Complaint, Defendant admits only that Defendant's principal place of business is located in Arnold, Missouri and that it is an organization that hosts, sponsors, and operates German Sheppard working dog shows, competitions, and trials. Defendant denies any allegation not expressly admitted.

4.     Defendant admits the allegations in Paragraph 4 of the Complaint.

5.     Defendant denies the allegations in Paragraph 5 of the Complaint.

6.     The allegations in Paragraph 6 of the Complaint state a legal conclusion which requires neither admission nor denial. To the extent a response is deemed necessary, Defendant denies the allegations contained therein.

7.     The allegations in Paragraph 7 of the Complaint state a legal conclusion which requires neither admission nor denial. To the extent a response is deemed necessary, Defendant denies the allegations contained therein.

8.     The allegations in Paragraph 8 of the Complaint state a legal conclusion which requires neither admission nor denial. To the extent a response is deemed necessary, Defendant denies the allegations contained therein.

## FACTUAL BACKGROUND

9.     With respect to the allegations in Paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief about the truth of these allegations and on that basis denies the allegations.

10.     Defendant denies the allegations in Paragraph 10 of the Complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-0997-7037.1                                                     2
UNITED SCHUTZHUND CLUBS OF AMERICA and JIM ALLOWAY ANSWER TO COMPLAINT

11.    Defendant denies the allegations in Paragraph 11 of the Complaint.

12.    Defendant denies the allegations in Paragraph 12 of the Complaint.

13.    Defendant denies the allegations in Paragraph 13 of the Complaint.

14.    With respect to the allegations in Paragraph 14, Defendant admits that under the discipline program, the allegations against the judge are first reviewed and considered by the Judges Committee, which is managed by the Director of Judges, and, if the allegation is substantiated, it is then referred to the USCA Executive Board for review, and potential disciplinary action. Defendant admits that USCA maintains a written progressive disciplinary program for its judges.

15.    Defendant denies the allegations in Paragraph 15 of the Complaint.

16.    Defendant denies the allegations in Paragraph 16 of the Complaint.

17.    Defendant denies the allegations in Paragraph 17 of the Complaint.

18.    Defendant denies the allegations in Paragraph 18 of the Complaint.

19.    Defendant denies the allegations in Paragraph 19 of the Complaint.

20.    Defendant denies the allegations in Paragraph 20 of the Complaint.

21.    Defendant denies the allegations in Paragraph 21 of the Complaint.

22.    Defendant denies the allegations in Paragraph 22 of the Complaint.

23.    Defendant denies the allegations in Paragraph 23 of the Complaint.

24.    With respect to the allegations in Paragraph 24 of the Complaint, Defendant admits only that Jim Alloway criticized the manner in which Plaintiff was doing his job with one of the helpers. Defendant denies any allegation not expressly admitted.

25.    Defendant denies the allegations in Paragraph 25 of the Complaint.

26.    Defendant denies the allegations in Paragraph 26 of the Complaint.

27.    Defendant denies the allegations in Paragraph 27 of the Complaint.

28.    Defendant denies the allegations in Paragraph 28 of the Complaint.

29.    Defendant denies the allegations in Paragraph 29 of the Complaint.

30.    With respect to the allegations in Paragraph 30 of the Complaint,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Defendant admits only that Jim Alloway, along with two additional members, filed a

2   report with the Judges' Committee seeking relief to address Plaintiff's misconduct,

3   which included a brief statement by Jim Alloway. Defendant denies any allegation

4   not expressly admitted.

5          31.     With respect to the allegations in Paragraph 31 of the Complaint,

6   Defendant admits only that the report was not notarized, but was notarized and re-

7   filed after this was brought to its attention. Defendant denies any allegation not

8   expressly admitted.

9          32.     With respect to the allegations in Paragraph 32 of the Complaint,

10  Defendant admits that the Judges Committee recommended to the Executive Board

11  that Plaintiff be suspended as a Performance Judge for one year and that the

12  Executive board issued the one-year suspension. Defendant denies any allegation

13  not expressly admitted.

14         33.     With respect to the allegations in Paragraph 33, Defendant admits that

15  Plaintiff disagreed with the findings. Defendant denies any allegation not expressly

16  admitted.

17         34.     With respect to the allegations in Paragraph 34, Defendant admits that

18  Plaintiff retained legal counsel. Defendant denies any allegation not expressly

19  admitted.

20         35.     With respect to the allegations in Paragraph 35, Defendant admits that

21  Jim Alloway submitted his same report, but notarized. Defendant denies any

22  allegation not expressly admitted.

23         36.     With respect to the allegations in Paragraph 36 of the Complaint,

24  Defendant admits that the report was sent to the Judges Committee, who

25  recommended disciplinary action to the Executive Board. Defendant admits that Jim

26  Alloway is a member of the Executive Board, but denies he had any involvement in

27  any voting regarding Plaintiff. Defendant denies any allegation not expressly

28  admitted.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-0997-7037.1                                          4

UNITED SCHUTZHUND CLUBS OF AMERICA and JIM ALLOWAY ANSWER TO COMPLAINT

37.     With respect to the allegations in Paragraph 37 of the Complaint, Defendant admits that the Executive Board issued a one-year suspension against Plaintiff. Defendant denies any allegation not expressly admitted.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     With respect to the allegations in Paragraph 40 of the Complaint, Defendant admits that USCA upheld one-year suspension for Plaintiff. Defendant denies any allegation not expressly admitted.

41.     Defendant denies the allegations in Paragraph 41 of the Complaint.

<u>**FIRST CAUSE OF ACTION –**</u>

<u>**VIOLATION OF TITLE VII CIVIL RIGHTS ACT-**</u>

<u>**DISCRIMINATION**</u>

42.     With respect to the allegations in Paragraph 42, Defendant incorporates by reference its answers to Paragraphs 1-41 as if fully set forth herein.

43.     The allegations in Paragraph 43 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

44.     The allegations in Paragraph 44 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

45.     The allegations in Paragraph 45 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     The allegations in Paragraph 48 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**SECOND CAUSE OF ACTION –**

**VIOLATION OF TITLE VII CIVIL RIGHTS ACT- RETALIATION**

49.    With respect to the allegations in Paragraph 49, Defendant incorporates by reference its answers to Paragraphs 1-48 as if fully set forth herein.

50.    The allegations in Paragraph 50 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

51.    The allegations in Paragraph 51 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

52.    The allegations in Paragraph 52 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

53.    Defendant denies the allegations in Paragraph 53 of the Complaint.

54.    Defendant denies the allegations in Paragraph 54 of the Complaint.

55.    The allegations in Paragraph 55 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

**THIRD CAUSE OF ACTION –**

**VIOLATION OF TITLE VII CIVIL RIGHTS ACT- RETALIATION**

56.    With respect to the allegations in Paragraph 56, Defendant incorporates by reference its answers to Paragraphs 1-55 as if fully set forth herein.

57.    The allegations in Paragraph 57 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

58.    The allegations in Paragraph 58 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-0997-7037.1                                            6

UNITED SCHUTZHUND CLUBS OF AMERICA and JIM ALLOWAY ANSWER TO COMPLAINT

59.     The allegations in Paragraph 49 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

60.     Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations in Paragraph 61 of the Complaint.

62.     The allegations in Paragraph 62 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

## FOURTH CAUSE OF ACTION –
## VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT &
## HOUSING ACT- DISCRIMINATION

63.     With respect to the allegations in Paragraph 63, Defendant incorporates by reference its answers to Paragraphs 1-62 as if fully set forth herein.

64.     The allegations in Paragraph 64 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

65.     The allegations in Paragraph 65 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

66.     The allegations in Paragraph 66 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

67.     Defendant denies the allegations in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint.

69.     The allegations in Paragraph 69 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-0997-7037.1                                                    7
UNITED SCHUTZHUND CLUBS OF AMERICA and JIM ALLOWAY ANSWER TO COMPLAINT

**FIFTH CAUSE OF ACTION –**

**VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT &**

**HOUSING ACT- RETALIATION**

70.     With respect to the allegations in Paragraph 70, Defendant incorporates by reference its answers to Paragraphs 1-69 as if fully set forth herein.

71.     The allegations in Paragraph 71 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

72.     The allegations in Paragraph 72 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

73.     The allegations in Paragraph 73 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

74.     Defendant denies the allegations in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations in Paragraph 75 of the Complaint.

76.     The allegations in Paragraph 76 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

**SIXTH CAUSE OF ACTION –**

**VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT &**

**HOUSING ACT- HARASSMENT**

77.     With respect to the allegations in Paragraph 77, Defendant incorporates by reference its answers to Paragraphs 1-76 as if fully set forth herein.

78.     The allegations in Paragraph 78 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

79.     The allegations in Paragraph 79 of the Complaint state a legal

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-0997-7037.1

8

UNITED SCHUTZHUND CLUBS OF AMERICA and JIM ALLOWAY ANSWER TO COMPLAINT

1  conclusion which requires neither admission nor denial.  To the extent a response is
2  deemed necessary, Defendant denies any allegations of wrongdoing.

3      80.    The allegations in Paragraph 80 of the Complaint state a legal
4  conclusion which requires neither admission nor denial.  To the extent a response is
5  deemed necessary, Defendant denies any allegations of wrongdoing.

6      81.    Defendant denies the allegations in Paragraph 81 of the Complaint.

7      82.    Defendant denies the allegations in Paragraph 82 of the Complaint.

8      83.    The allegations in Paragraph 83 of the Complaint state a legal
9  conclusion which requires neither admission nor denial.  To the extent a response is
10  deemed necessary, Defendant denies any allegations of wrongdoing.

11  **SEVENTH CAUSE OF ACTION –**
12  **VIOLATION OF THE CALIFORNIA LABOR CODE- FAILURE TO**
13  **PROVIDE ITEMIZED WAGE STATEMENTS**

14      84.    With respect to the allegations in Paragraph 84, Defendant incorporates
15  by reference its answers to Paragraphs 1-83 as if fully set forth herein.

16      85.    The allegations in Paragraph 85 of the Complaint state a legal
17  conclusion which requires neither admission nor denial.  To the extent a response is
18  deemed necessary, Defendant denies any allegations of wrongdoing.

19      86.    With respect to the allegations in Paragraph 86, Defendant admits only
20  that Plaintiff purports to seek damages, penalties, and other relief, as proven at trial
21  but denies that Defendant has committed any wrongful conduct alleged in the
22  Complaint and further denies that Plaintiff is entitled to any damages, penalties, or
23  other relief.

24  **EIGHTH CAUSE OF ACTION –**
25  **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC**
26  **ADVANTAGE**

27      87.    With respect to the allegations in Paragraph 87, Defendant incorporates
28  by reference its answers to Paragraphs 1-86 as if fully set forth herein.

88.     Defendant denies the allegations in Paragraph 88 of the Complaint.

89.     Defendant denies the allegations in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations in Paragraph 90 of the Complaint.

91.     The allegations in Paragraph 91 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

## NINTH CAUSE OF ACTION –

## VIOLATIONS OF THE FLSA, 29 U.S.C. SECTION 207 ET SEQ- FAILURE TO PAY ALL WAGES DUE AND OVERTIME

92.     With respect to the allegations in Paragraph 92, Defendant incorporates by reference its answers to Paragraphs 1-91 as if fully set forth herein.

93.     The allegations in Paragraph 93 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

94.     The allegations in Paragraph 94 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

95.     Defendant denies the allegations in Paragraph 95 of the Complaint.

96.     With respect to the allegations in Paragraph 96, Defendant is without sufficient knowledge or information to form a belief about the truth of these allegations and on that basis denies the allegations.

## TENTH CAUSE OF ACTION –

## DECLARATORY RELIEF

97.     With respect to the allegations in Paragraph 97, Defendant incorporates by reference its answers to Paragraphs 1-96 as if fully set forth herein.

98.     Defendant denies the allegations in Paragraph 98 of the Complaint.

99.     Defendant denies the allegations in Paragraph 99 of the Complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-0997-7037.1                                    10
UNITED SCHUTZHUND CLUBS OF AMERICA and JIM ALLOWAY ANSWER TO COMPLAINT

## ELEVENTH CAUSE OF ACTION –

## VIOLATIONS OF THE CALIFORNIA UNRUH CIVIL RIGHTS ACT

100.   With respect to the allegations in Paragraph 100, Defendant incorporates by reference its answers to Paragraphs 1-99 as if fully set forth herein.

101.   The allegations in Paragraph 101 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

102.   The allegations in Paragraph 102 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

103.   Defendant denies the allegations in Paragraph 103 of the Complaint.

104.   Defendant denies the allegations in Paragraph 104 of the Complaint.

105.   The allegations in Paragraph 105 of the Complaint state a legal conclusion which requires neither admission nor denial.  To the extent a response is deemed necessary, Defendant denies any allegations of wrongdoing.

## TWELFTH CAUSE OF ACTION –

## VIOLATIONS OF THE CALIFORNIA LABOR CODE-FAILURE TO PAY ALL WAGES DUE AND OVERTIME

106.   With respect to the allegations in Paragraph 106, Defendant incorporates by reference its answers to Paragraphs 1-105 as if fully set forth herein.

107.   Defendant denies the allegations in Paragraph 107 of the Complaint.

108.   With respect to the allegations in Paragraph 108, Defendant denies that Plaintiff is entitled to any requested relief or damages.

## THIRTEENTH CAUSE OF ACTION –

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

109.   With respect to the allegations in Paragraph 109, Defendant incorporates by reference its answers to Paragraphs 1-108 as if fully set forth herein.

110.   The allegations in Paragraph 110 of the Complaint state a legal

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-0997-7037.1                                    11
UNITED SCHUTZHUND CLUBS OF AMERICA and JIM ALLOWAY ANSWER TO COMPLAINT

1  conclusion which requires neither admission nor denial.

2      111.   Defendant denies the allegations in Paragraph 111 of the Complaint.

3      112.   Defendant denies the allegations in Paragraph 112 of the Complaint.

4      113.   Defendant denies the allegations in Paragraph 113 of the Complaint.

5      114.   The allegations in Paragraph 114 of the Complaint state a legal

6  conclusion which requires neither admission nor denial.  To the extent a response is

7  deemed necessary, Defendant denies any allegations of wrongdoing.

8  <u>**FOURTEENTH CAUSE OF ACTION –**</u>

9  <u>**DEFAMATION**</u>

10      115.   With respect to the allegations in Paragraph 115, Defendant

11  incorporates by reference its answers to Paragraphs 1-114 as if fully set forth herein.

12      116.   Defendant denies the allegations in Paragraph 116 of the Complaint.

13      117.   Defendant denies the allegations in Paragraph 117 of the Complaint.

14      118.   Defendant denies the allegations in Paragraph 118 of the Complaint.

15      119.   Defendant denies the allegations in Paragraph 119 of the Complaint.

16      120.   Defendant denies the allegations in Paragraph 120 of the Complaint.

17      121.   The allegations in Paragraph 121 of the Complaint state a legal

18  conclusion which requires neither admission nor denial.  To the extent a response is

19  deemed necessary, Defendant denies any allegations of wrongdoing.

20  <u>**PRAYER FOR RELIEF**</u>

21      122.   The allegations in this section contain a prayer for relief and no

22  response is required.  However, to the extent a response is deemed necessary,

23  Defendant denies any implication that it acted wrongfully or improperly and

24  expressly denies that Plaintiff is entitled to any relief he seeks.

25  <u>**AFFIRMATIVE DEFENSES**</u>

26      Without prejudice to the denials set forth in its Answer and without waiving

27  any allegations in the Complaint not otherwise admitted, Defendant United

28  Schutzhund Clubs of America asserts the following affirmative defenses.  In

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-0997-7037.1                                      12

UNITED SCHUTZHUND CLUBS OF AMERICA and JIM ALLOWAY ANSWER TO COMPLAINT

addition, Defendant specifically and expressly reserves the right to amend these defenses, or to add additional defenses, based upon legal theories, facts and circumstances that may or will be discovered and/or further legal analysis of Plaintiff's position in this litigation.

## FIRST AFFIRMATIVE DEFENSE

1. As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred by the applicable statute of limitations, including but not limited to, Code of Civil Procedure § 340; Code of Civil Procedure §§ 335.1, 337, 338, 339, 340(a), and 343; Government Code §§ 12940, 12654, 12960(d), 12965(b); Business and Professions Code Section 17208; and any shorter statute of limitations periods provided by any agreement of the parties.

## SECOND AFFIRMATIVE DEFENSE

2. As a separate and distinct affirmative defense, Defendant alleges that neither the Complaint nor any purported cause of action alleged therein states a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

3. As a separate and distinct affirmative defense, Defendant claims that the allegations of the Complaint, and each purported cause of action contained therein, are not pled with sufficient particularity and are uncertain, vague, ambiguous, and unintelligible.

## FOURTH AFFIRMATIVE DEFENSE

4. As a separate and distinct affirmative defense, Defendant claims that the allegations and claims asserted in the Complaint are frivolous, groundless, and without merit.  Plaintiff has brought this action in bad faith.

## FIFTH AFFIRMATIVE DEFENSE

5. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff did not suffer an actual injury and therefore cannot recover damages or statutory penalties under Labor Code section 226.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## SIXTH AFFIRMATIVE DEFENSE

6. As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to allege facts sufficient to establish a claim for penalties.

## SEVENTH AFFIRMATIVE DEFENSE

7. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for civil penalties pursuant to Labor Code section 226 is barred, because Defendant did not knowingly and intentionally fail to provide accurate itemized wage statements.

## EIGHTH AFFIRMATIVE DEFENSE

8. As a separate and distinct affirmative defense, Defendant alleges that an award of penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

## NINTH AFFIRMATIVE DEFENSE

9. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is precluded from recovering the damages alleged in the Complaint, because those damages are too vague, uncertain, and speculative to permit recovery.

## TENTH AFFIRMATIVE DEFENSE

10. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by either a mistake of fact or a mistake of law or both.

## ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein, is barred in that Plaintiff is guilty of wrongful misconduct and/or omissions in connection with the claims that form the basis of this litigation, including, but not limited to, the facts concerning Plaintiff's relationship with Defendant, and therefore, each and every claim should be barred from all legal or equitable relief requested in the Complaint or otherwise by reason of unclean hands.  Defendant may learn facts in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

written discovery and/or at Plaintiff's deposition that may demonstrate Plaintiff's own wrongful conduct caused or contributed to the allegations set forth in the Complaint, which would allow Defendant to assert the equitable remedy of unclean hands at the time of trial.

## TWELFTH AFFIRMATIVE DEFENSE

12. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff may be estopped by his own conduct from asserting any and all claims he may have or has against Defendant arising from the transactions and occurrences set forth in the Complaint.  Defendant may learn facts in written discovery and/or at Plaintiff's deposition that may demonstrate Plaintiff's own wrongful conduct caused or contributed to the allegations set forth in the Complaint, which would allow Defendant to assert the equitable remedy of estoppel at the time of trial.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff may have waived any and all claims that he may have had or has against Defendant arising from the transactions and occurrences set forth in the Complaint. Defendant may learn facts in written discovery and/or at Plaintiff's deposition that may demonstrate Plaintiff engaged in conduct that would constitute a waiver, which would allow Defendant to assert the equitable remedy of waiver at the time of trial. Defendant further alleges that Plaintiff may have or has consented to and/or waived any and all rights he may have had relative to the matters alleged in the Complaint by failing, refusing, and neglecting to properly perform his obligations thereunder and by undertaking other conduct, the exact nature of which will be inserted herein by amendment or proved at the time of trial.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff, at all relevant times, gave his consent, express or implied, to the alleged acts, omissions, and conduct of Defendant.  Defendant may learn facts in written

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

discovery and/or at Plaintiff's deposition that may demonstrate Plaintiff engaged in conduct that would establish consent to the conduct alleged in the Complaint, which would allow Defendant to assert the equitable remedy of consent at the time of trial.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's damages, if any, were caused by Plaintiff's own intentional or negligent acts, thus barring or limiting Plaintiff's right of recovery.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims as set forth in his Complaint are barred by the equitable doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for penalties under the California Labor Code and/or under other applicable California law are barred, as Plaintiff has failed to plead sufficient facts to support a claim for an award of penalties against Defendant and because there existed and continues to exist a good-faith dispute on whether Defendant owes any monies to Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

19. As a separate and distinct affirmative defense, Defendant alleges that it may have other separate and/or additional defenses of which it is not presently aware and hereby reserves the right to assert them by amendment to this Answer as discovery continues.

## TWENTIETH AFFIRMATIVE DEFENSE

20. As a separate and distinct affirmative defense, Plaintiff's claims should be

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-0997-7037.1                                16
UNITED SCHUTZHUND CLUBS OF AMERICA and JIM ALLOWAY ANSWER TO COMPLAINT

dismissed for improper venue and/or pursuant to the doctrine of *forum non conveniens*.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred because this court lack subject matter jurisdiction over the claims Plaintiff asserts in his Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred because this court lacks personal jurisdiction over Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Defendant did not engage in intentional conduct entitling Plaintiff to recovery of damages pursuant to the Unruh Civil Rights Act.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff's claim for defamation is barred under the substantial truth doctrine.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff's Defamation cause of action is barred because any alleged publications or statements made by Defendant, if any, constituted Defendant's opinion.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff is barred from recovery as the alleged defamatory statements complained of in Plaintiff's Complaint were fair comments made on matters of public interest.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. The publications and conduct that are the subject of Plaintiff's Complaint are privileged pursuant to the common interest privilege, California *Civil Code* § 47(c) and any other applicable statutory and/or non-statutory

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  absolute and/or conditional privileges.

2  ## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

3  28. Plaintiff's purported claim for defamation is barred because any alleged

4  statements made by Defendant was not made with actual malice or negligence.

5  ## TWENTY-NINTH AFFIRMATIVE DEFENSE

6  29. Plaintiff's purported claim for defamation is barred under the First

7  Amendment of the United States Constitution.

8  ## THIRTIETH AFFIRMATIVE DEFENSE

9  30. Plaintiff has failed to satisfy the statutory prerequisites to sue and to

10 exhaust administrative remedies under the Fair Employment and Housing Act

11 ("FEHA"), California Government Code § 12940 et seq., the Equal Employment

12 Opportunity Commission ("EEOC"), 42 U.S.C. § 2000e, et seq. (Title VII of the

13 Civil Rights Act of 1964 ("Title VII"), under the Private Attorney General's Act,

14 Labor Code

15 ## THIRTY-FIRST AFFIRMATIVE DEFENSE

16 31. Plaintiff is precluded from recovery of reinstatement, back pay, or

17 damages because Defendant did not harass, discriminate, or retaliate against him.

18 ## THIRTY-SECOND AFFIRMATIVE DEFENSE

19 32. Plaintiff is precluded from any recovery because the

20 Defendant maintained a discrimination-, retaliation-, and harassment-free

21 environment and thus could not have failed to prevent any alleged discrimination,

22 harassment, or retaliation.

23 ## THIRTY-THIRD AFFIRMATIVE DEFENSE

24 33. Plaintiff is barred from recovery insofar as his claims are based upon an

25 isolated purported incident or incidents.

26 ## THIRTY-FOURTH AFFIRMATIVE DEFENSE

27 34. The conduct that Plaintiff alleges Defendants engaged in did not

28 constitute severe or pervasive harassment.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

35. Defendants allege that Plaintiffs cannot establish that any of Defendants' actions were a pretext for unlawful discrimination, retaliation, and/or violation of public policy.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

36. Defendant is informed and believes and thereon alleges that in regards to the allegations of harassment, discrimination and retaliation, a full, complete and good faith investigation was conducted into any alleged misconduct and request after it was brought to Defendant's attention.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

37. Answering Defendant was not, at any time, Plaintiff's employer and thus it is not liable for the alleged acts or omissions as set forth in Plaintiff's complaint.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

38. Plaintiffs' claim for civil penalties pursuant to California *Labor Code* Section 226 are barred because Defendant did not knowingly and intentionally fail to provide accurate itemized wage statements.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

39. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has never been, and never will be, entitled to payment of any sort of wages, as he not an employee of Defendant.

**FORTIETH AFFIRMATIVE DEFENSE**

40. Defendant denies Plaintiff was an employee, but in any event alleges that Plaintiff's claims for unpaid overtime wages are barred because Defendant timely paid all compensation owed to him.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

41. Plaintiff's cause of action for intentional interference with prospective economic advantage fails because the economic relationship that is the basis for the claim was not a "third party" economic relationship.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-0997-7037.1

19

UNITED SCHUTZHUND CLUBS OF AMERICA and JIM ALLOWAY ANSWER TO COMPLAINT

## FORTY-SECOND AFFIRMATIVE DEFENSE

42. Plaintiff's cause of action for intentional interference with prospective economic advantage fails because the alleged interference was not wrongful, independent of its allegedly interfering character.

## FORTY-THIRD AFFIRMATIVE DEFENSE

43. Plaintiff's Complaint does not allege facts sufficient to support a claim for declaratory relief against Defendant.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

44. Plaintiff's Complaint, and each and every claim contained therein, is barred, in whole or part because Defendant complied with all of its legal duties under the Unruh Civil Rights Act.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

45. Defendant did not engage in intentional conduct entitling Plaintiff to recovery of damages pursuant to the Unruh Civil Rights Act.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

46. Defendant alleges based upon information and belief that Plaintiff lacks standing to assert a claim under the Unruh Civil Rights Act or predicated on the Unruh Civil Rights Act because Plaintiff has not suffered a threatened or actual distinct and palpable injury, there is no causal connection between the injury and Defendant's challenged conduct, and/or there is no substantial likelihood that the relief sought by Plaintiff will prevent or redress the injury.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

47. The public policies cited by Plaintiffs in the Complaint cannot serve as the foundation for a claim of wrongful termination in violation of public policy because they have never been recognized as public policies as defined in governing case law and are, in fact, inconsistent with the public policies which have been so recognized, or are not applicable to Defendants.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

48. Plaintiff is precluded from any recovery as Plaintiff was not wrongfully terminated by Defendant, as he was not an employee.

## FORTY-NINTH AFFIRMATIVE DEFENSE

49. Defendant alleges that it maintained and enforced strict anti-discrimination and anti-retaliation policies during the time in which Plaintiff alleges discrimination and retaliation.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint or any of his purported claims for relief;

2. That the Complaint be dismissed with prejudice in its entirety;

3. That Plaintiff is denied each and every demand and prayer for relief contained in the Complaint;

4. That judgment be entered in favor of Defendant;

5. That Defendant recovers its costs of suit incurred herein; and

6. That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED:  October 6, 2020          JOHN L. BARBER
                                 JULIE W. O'DELL
                                 LAUREN E. WERTHEIMER
                                 LEWIS BRISBOIS BISGAARD & SMITH LLP


                                 By:      /s/ Lauren Wertheimer
                                       LAUREN E. WERTHEIMER
                                       Attorneys for Defendants UNITED
                                       SCHUTZHUND CLUBS OF AMERICA and JIM
                                       ALLOWAY



1

## FEDERAL COURT PROOF OF SERVICE

2

Nagy v. United Schutzhund Clubs of America, et al.
3:19-cv-08459-CRB

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

5          At the time of service, I was over 18 years of age and not a party to the action.  My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

6

7          On October 6, 2020, I served the following document(s):  UNITED SCHUTZHUND CLUBS OF AMERICA AND JIM ALLOWAY ANSWER TO COMPLAINT

8          I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

9

10   James Mills                                        Attorneys for Plaintiff
     Law Offices of James Mills
11   1300 Clay Street, Suite 600
     Oakland, CA 94612
     Tel: 510-521-8748
12   Email: james@jamesmillslaw.com

13          The documents were served by the following means:

14   ☒      (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification
15          of that filing to the persons listed above.

16          I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

17

          Executed on October 6, 2020, at Los Angeles, California.

18

19                                                        _Lily Hernandez_

20                                                        _____
                                                          Lily Hernandez

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW