1  LEWIS BRISBOIS BISGAARD & SMITH LLP
   JOHN L. BARBER, SB# 160317
2     E-Mail: John.Barber@lewisbrisbois.com
   JULIE W. O'DELL, SB# 291083
3     E-Mail: Julie.ODell@lewisbrisbois.com
   LAUREN E. WERTHEIMER, SB #327900
4  E-Mail: Lauren.Wertheimer@lewisbrisbois.com
   650 Town Center Drive, Suite 1400
5  Costa Mesa, California 92626
   Telephone: 714.545.9200
6  Facsimile: 714.850.1030

7  Attorneys for Defendant
   UNITED SCHUTZHUND CLUBS OF AMERICA and
8

9              UNITED STATES DISTRICT COURT

10     NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12  ZOLTAN NAGY,                          CASE NO. 3:19-cv-08459-CRB

13            Plaintiffs,                 DEFENDANT UNITED
                                          SCHUTZHUND CLUBS OF
14       vs.                              AMERICA'S NOTICE OF MOTION
                                          AND MOTION TO TRANSFER
15  UNITED SCHUTZHUND CLUBS OF            VENUE
    AMERICA; JIM ALLOWAY, and
16  DOES 1 to 10,                         [Filed concurrently with Memorandum
                                          of Points and Authorities; Declaration
17            Defendants.                 of Vadim Plotsker and [Proposed]
                                          Order]
18
                                          Judge:  Hon. Maxine M. Chesney
19
                                          Date: December 4, 2020
20                                        Time:9:00 a.m.
                                          Courtroom.:    7, 19th Floor
21
                                          Trial Date:    None Set
22

23        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24        PLEASE TAKE NOTICE that on December 4, 2020 at 9:00a.m., or as soon

25  thereafter as may be heard, in Courtroom 7, 19th Floor of the above-entitled court

26  located at 450 Golden Gate Avenue, San Francisco, California, Defendant UNITED

27  SCHUTZHUND CLUBS OF AMERICA (hereinafter "Defendant" or "USCA") will

28  and hereby does move to transfer venue to the United States District Court for the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

1  Eastern District of Missouri pursuant to 28 U.S.C. §1404(a) or 1406(a). This Motion

2  is based upon this Notice of Motion and Motion, the Memorandum of Points and

3  Authorities, the Declaration of Vadim Plotsker, the pleadings and papers on file

4  herein, all other matters of which the court must or may take judicial notice, and

5  upon such other and further evidence and argument as may be submitted at or before

6  the hearing on this matter.

7

8  DATED:  October 27, 2020          JOHN L. BARBER
                                     JULIE W. O'DELL
9                                    LAUREN E. WERTHEIMER
10                                   LEWIS BRISBOIS BISGAARD & SMITH LLP

11

12

13                                   By: _____
                                         LAUREN E. WERTHEIMER
14                                       Attorneys for Defendant UNITED
                                         SCHUTZHUND CLUBS OF AMERICA
15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4847-9457-9408.1                              2                              3:19-cv-08459
DEFENDANT UNITED SCHUTZHUND CLUBS OF AMERICA'S NOTICE OF MOTION AND MOTION TO
TRANSFER VENUE

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3     Plaintiff Zoltan Nagy is improperly forum shopping.  In 2015, Plaintiff began

4   volunteering with USCA, a nonprofit organization incorporated in Missouri, as a

5   Performance Judge. In May 2019, Plaintiff was a volunteer Performance Judge at

6   the 2019 Working Dog Championship (the "Competition") taking place over three

7   days in Spencer, Massachusetts.  He has filed a lawsuit against USCA regarding his

8   status as volunteer Performance Judge generally, and the alleged conduct that

9   occurred at, and arose from, the Competition specifically.  Instead of filing either in

10  Massachusetts, the state where the alleged acts occurred, or Missouri, the state

11  where the sole Defendant is a resident, he filed his lawsuit in the Northern District

12  of California.  California has no connection whatsoever to the incident or any of the

13  underlying facts giving rise to Plaintiff's claims, and the vast majority of the

14  witnesses are located outside of California.  Plaintiff is simply attempting to benefit

15  from California's employment laws.

16     As California's courts have no interest in hearing this case, the case could

17  have, and should have, been filed in the Eastern District of Missouri.  Accordingly,

18  the case should be transferred to the Eastern District of Missouri.

19

## II.   FACTUAL BACKGROUND

20     Defendant USCA is a not-for-profit organization dedicated to protecting and

21  preserving the German Shepherd Dog's working heritage by hosting conformation

22  shows, breed surveys, and Schutzhund trials. USCA's sole state of incorporation is

23  Missouri and its only facility, its headquarters, is located in Arnold, Missouri. *See*

24  Declaration of Vadim Plotkser ("Plotsker Decl.") ¶2 The USCA employs only three

25  individuals, in administrative positions, two of which reside in Missouri and the

26  third in Illinois. *See* Plotsker Decl. ¶9.

27     USCA has six officers—the President, Vice President, Treasurer, Secretary,

28  Director of Judges, and National Breed Warden. *See* Plotsker Decl. ¶4. Of the six

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1                                                                3:19-cv-08459

1   officers, one resides in New Hampshire, two in Ohio, two in California, and one in

2   Idaho. *See Id.*  USCA has four Directors at Large, who reside in Indiana, Illinois,

3   and Georgia. *See* Plotsker Decl. ¶5.  Defendant also has a five-person Judges

4   Committee, of which the five judges reside in New Hampshire, Georgia, New

5   Jersey, Kentucky, and California. *See* Plotsker Decl. ¶6.  Jim Alloway, the USCA

6   Treasurer, alleged harasser, and former Defendant to this suit[1], has known Plaintiff

7   for over six years, and prior to this suit, considered him a friend. *See* Plotsker Decl.

8   ¶12.

9         Plaintiff, a former volunteer Performance Judge and current USCA member,

10   is a resident of California. *See* Complaint ¶2. During his tenure as a Performance

11   Judge, he was selected to judge the 2017, 2018, and 2019, Working Dog

12   Championship Competitions, which took place in New York, Ohio, and Boston,

13   respectively. *See* Plotsker Decl. ¶7.

14         Plaintiff's Complaint states claims for harassment and discrimination, with

15   the underlying conduct arising out of the events that occurred at the 2019 Working

16   Dog Competition that took place in Spencer, Massachusetts from May 2-5, 2019.

17   *See* Complaint 1 ¶23; *See* Plotsker Decl. ¶14.  Plaintiff proffers that all other wage

18   and hour, and employment-related allegations arise out of conduct or omissions,

19   related to USCA competitions he judged in "the past three years," which, as stated,

20   took place in New York, Ohio, and Boston. *See* Complaint ¶21; *See* Plotsker Decl.

21   ¶13.  Plaintiff did not judge any official USCA competitions in the state of

22   California during his tenure as a Performance Judge. *See* Plotsker Decl. ¶8.

23         In his Complaint, Plaintiff alleges that for the past three years, he was

24   misclassified by USCA as an independent contractor, and is seeking remedies based

25   on corresponding protections under the law. *See* Complaint ¶¶19-22. Additionally,

26   _____

27   [1] Jim Alloway was dismissed on October 7, 2020. *See* Docket No. 48.

28



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3:19-cv-08459

1   Plaintiff alleges that generally, and during the Competition, he was harassed and

2   discriminated against based on his national origin. *See* Complaint ¶25. Specifically,

3   Plaintiff alleges that at the Competition, Jim Alloway "criticized the manner in

4   which Plaintiff was doing his job. . . ." and told Plaintiff he would "never work as a

5   judge 'in this country' again." *See* Complaint ¶24. Plaintiff  alleges that he was

6   retaliated against, in the form of a one-year suspension of his Judge's license, for

7   making internal complaints of discrimination and harassment. *See* Complaint ¶37.

8       In Plaintiff's Complaint, he names Jim Alloway (Treasurer, resident of Ohio)

9   and Vadim Plotsker (President, resident of New Hampshire), as critical witnesses.

10  *See* Complaint¶21; *See* Plotsker Decl. ¶10. Additionally, the allegedly retaliatory

11  disciplinary charges were brought, in part by by Don Yelle and Sean Murphy, two

12  individuals working as "Helpers" at the Competition, and residents of Connecticut

13  and Michigan, respectively. *See* Plotsker Decl. ¶16.  Finally, Plaintiff judged the

14  Competition alongside two other Performance Judges, Ann Marrie Chaffin and

15  Raino Fluegge, who reside in Colorado and Canada, respectively. *See* Plotsker Decl.

16  ¶15.

17  **III.   LEGAL ARGUMENT**

18       **A.     THE COURT SHOULD TRANSFER THE ACTION UNDER 28**

19       **U.S.C. §1406(A) AND §1391**

20       28 U.S.C. §1406(a) provides that a district court of a district in which is filed

21  a case laying venue in the wrong division or district shall. . . if it be in the interest of

22  justice, transfer such case to any district or division in which it could have been

23  brought." 28 U.S.C. §1406(a). Under 28 U.S.C. §1391, venue is proper in either (1)

24  a judicial district in which any defendant resides, if all defendants are residents of

25  the State in which the district is located; (2) a judicial district in which a substantial

26  part of the events or omissions giving rise to the claim occurred, or a substantial part

27  of property that is the subject of the action is situated; or (3) if there is no district in

28  which an action may otherwise be brought as provided in this section, any judicial

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 district in which any defendant is subject to the court's personal jurisdiction with

2 respect to such action. 28 U.S.C. §1391.

3 **1.  Eastern District of Missouri is the Proper Venue under 28**

4 **U.S.C. §1391(1)**

5      Where, as here, a corporate entity is a defendant, that entity resides "in any

6 judicial district in which such defendant is subject to the court's personal

7 jurisdiction with respect to the civil action in question…." 28 U.S.C. § 1391(c)(2).

8 Defendant's headquarters, and only office, is in the Eastern District of Missouri,

9 which thus has personal jurisdiction over Defendant. Additionally, Defendant's sole

10 state of incorporation is Missouri.

11      Moreover, no part of the events or omissions giving rise to the claim occurred

12 in California and there is no property tied to this action.  *See* Complaint, generally.

13 The events or omissions giving rise to the claim occurred both in Massachusetts,

14 where the Competition occurred, and in Missouri, where Defendant is

15 headquartered. *See* Complaint ¶21; *See* Plotsker Decl. ¶¶3, 14. Venue is proper in

16 Missouri or Massachusetts. *See* 28 U.S.C § 1391(b)(1).

17      There is no relation to California that would establish venue is proper in

18 California under any provision of Section 1391(b)(1). Although Plaintiff may be a

19 resident of California, his residency is irrelevant for purposes of determining proper

20 venue under 28 U.S.C. § 1391.

21 **B. IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THE**

22 **ACTION UNDER 28 U.S.C. §1404(A)**

23      A motion to transfer venue may be brought pursuant to 28 U.S.C. § 1404(a)

24 which provides that "for the convenience of parties and witnesses, in the interest of

25 justice, a district court may transfer any civil action to any other district or division

26 where it might have been brought…." 28 U.S.C. § 1404(a).

27      "Congress, by the term 'for the convenience of parties and witnesses, in the

28 interest of justice,' intended to permit courts to grant transfers upon a lesser showing

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4                                                                                        3:19-cv-08459

1   of inconvenience" than the showing required to obtain dismissal under the doctrine

2   of forum non conveniens. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544,

3   546 (1955). "Section 1404(a) is intended to place discretion in the district court to

4   adjudicate motions for transfer according to an 'individualized, case-by-case

5   consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487

6   U.S. 22, 29, 108 S. Ct. 2239, 2244 (1988) [quoting *Van Dusen v. Barrack*, 376 U.S.

7   612, 622 (1964)].

8          Moreover, "a motion to transfer venue for convenience pursuant to 28 U.S.C.

9   § 1404(a) does not concern the issue 'whether and where' an action *may* be properly

10  litigated. It relates solely to the question where, among two or more proper forums,

11  the matter *should* be litigated to best serve the interests of judicial economy and

12  convenience to the parties." *Injen Tech. Co., Ltd. v. Advanced Engine Mgmt., Inc.*,

13  270 F.Supp.2d 1189, 1193 (S.D. Cal. 2003) [emphasis in original; citing *Van Dusen*

14  *v. Barrack*, 376 U.S. 612, 639, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964), for the

15  proposition that a transfer of venue is simply "a change of courtrooms"]. "The idea

16  behind § 1404 (a) is that where a 'civil action' to vindicate a wrong --however

17  brought in a court-- presents issues and requires witnesses that make one District

18  Court more convenient than another, the trial judge can, after findings, transfer the

19  whole action to the more convenient court." *Continental Grain Co. v. Barge FBL-*

20  *585*, 364 U.S. 19, 26 (1960).

21              **1.       THIS COURT SHOULD ISSUE AN ORDER TRANSFERRING THIS**

22                         **ACTION TO THE EASTERN DISTRICT MISSOURI BECAUSE**

23                         **THE STATUTORY REQUIREMENTS ARE MET**

24          Determining when transfer is appropriate is a two-prong test. "Section

25  1404(a) 'requires two findings -- that the district court is one where the action

26  'might have been brought' and that the 'convenience of parties and witnesses in the

27  interest of justice' favor transfer….'" *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414

28  (9th Cir. 1985). Both findings are inescapable in this matter.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3:19-cv-08459

1

**a.  The First Prong is Satisfied Because this Action "Might Have**

2

**Been Brought" in the Eastern District of Missouri**

3      "In determining whether an action 'might have been brought' in a district, the

4   court looks to whether the action initially could have been commenced in that

5   district." *Hatch,* 758 F.2d at 414. This case initially could have been commenced in

6   the Eastern District of Missouri because that is a "judicial district in which [the]

7   defendant resides. . ." 28 U.S.C. § 1391(b)(1). Defendant's headquarters, only

8   office, and state of incorporation is in Arnold, Missouri, located in the Eastern

9   District.  28 U.S.C. § 1391(c)(2). *See* Plotsker Decl. ¶¶3. The first prong of the

10  statutory test is therefore satisfied because Plaintiff could have elected to file this

11  action in the Eastern District of Missouri.

12

**b.  Convenience of Parties and Witnesses In the Interest of Justice**

13

**Favor Transfer to the Eastern District of Missouri**

14      The Ninth Circuit has identified a non-exclusive list of factors district courts

15  should consider when analyzing the second prong:

16      "As part of this inquiry, the court should consider private and public interest

17      factors affecting the convenience of the forum. Private factors include the

18      'relative ease of access to sources of proof; availability of compulsory process

19      for attendance of unwilling, and the cost of obtaining attendance of willing,

20      witnesses; possibility of view of premises, if view would be appropriate to the

21      action; and all other practical problems that make trial of a case easy,

22      expeditious and inexpensive.' Public factors include 'the administrative

23      difficulties flowing from court congestion; the "local interest in having

24      localized controversies decided at home"; the interest in having the trial of a

25      diversity case in a forum that is at home with the law that must govern the

26      action; the avoidance of unnecessary problems in conflict of laws, or in the

27      application of foreign law; and the unfairness of burdening citizens in an

28      unrelated forum with jury duty.'"

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3:19-cv-08459

1 | *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)

2 | [internal citations omitted]; also see *Jones v. GNC Franchising, Inc.*, 211 F.3d 495,

3 | 498-99 (9th Cir. 2000).

4 |     The most pertinent factors are analyzed below.

5 | **i.   Relative Ease of Access to Sources of Proof**

6 |     The primary eyewitnesses, as discussed in greater detail below, reside in

7 | Ohio, Connecticut, Michigan, Canada, and Colorado. *See* Plotsker Decl. ¶15. Jim

8 | Alloway, the individual on whom Plaintiff focuses his allegations, resides in Ohio.

9 | *See* Complaint ¶ ¶24, 25, 27, 30, 31, 37; *See* Plotsker Decl. ¶10. The USCA

10 | headquarters are in Missouri, and the USCA Officers reside in New Hampshire,

11 | Ohio, California, and Idaho. *See* Plotsker Decl. ¶¶3, 12. The members of the USCA

12 | Judges Committee reside in New Hampshire, Georgia, New Jersey, Kentucky, and

13 | California. *See* Plotsker Decl. ¶12.  USCA's only three employees reside in

14 | Missouri and Illinois. *See* Plotsker Decl. ¶9. The events giving rise to Plaintiff's

15 | claim occurred in Spencer, Massachusetts. *See* Plotsker Decl. ¶16. Ease of access to

16 | sources of proof increases exponentially should the court transfer this matter to

17 | Missouri.

18 | **ii.   Availability of Compulsory Process for Attendance**

19 | **of Unwilling, and Cost of Obtaining Attendance of**

20 | **Willing, Witnesses**

21 |     The convenience of witnesses is "often the most important factor in an §

22 | 1404(a) transfer motion" and "in establishing inconvenience to witnesses, the

23 | moving party must name the witnesses, state their location, and explain their

24 | testimony and its relevance." *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472

25 | F.Supp.2d 1183, 1193 (S.D. Cal. 2007).  The court should consider the importance

26 | of the witnesses and not just the number [*Saleh v. Titan Corp.*, 361 F.Supp.2d 1152,

27 | 1165 (S.D. Cal. 2005)], and the location of those witnesses who have "material,

28 | first-hand knowledge regarding the seminal issues in this case" weigh in favor of the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3:19-cv-08459

1  forum where those witnesses reside. *Costco*, 472 F.Supp.2d at 1162.

2      Defendant has identified eight (8) witnesses with relevant knowledge of the

3  incident and/or Plaintiff's experience as a member of the USCA. *See* Plotsker Decl.

4  ¶17. At least six (6) of these critical witnesses (Jim Alloway, Vadim Plotsker, Ann

5  Marie Chaffin, Raino Fluegge, Don Yelle, Sean Murphy) live in, or relatively near,

6  Missouri, and are thus beyond the reach of subpoenas for a trial in California. *See*

7  Plotsker Decl. ¶¶11, 16-19.

8      Each of these witnesses has material, first-hand knowledge regarding the

9  seminal issues in this case. First, the alleged harasser, Jim Alloway, who has known

10 Plaintiff for over six years, witnessed the incident, witnessed Plaintiff's behavior

11 before and after the incident, and co-authored the disciplinary charge against

12 Plaintiff. *See* Plotsker Decl.¶¶12, 18.  Second, eye witnesses Ann Marrie Chaffin

13 and Raino Fluegge, Performance Judges who were, alongside Plaintiff, judging the

14 competition where the alleged incident occurred. *See* Plotsker Decl. ¶19.  Further,

15 Vadim Plotsker, the President of USCA, who received nearly contemporaneous

16 reports of the alleged incident, and is intimately familiar with the policies and

17 procedures of the organization, which the Plaintiff calls into question. See

18 Complaint ¶¶10-19; *See* Plotsker Decl. ¶1. Finally, eye witnesses Don Yelle and

19 Sean Murphy, two individuals working as "Helpers" at the competition where the

20 alleged incident occurred, and co-authors of the disciplinary charge against Plaintiff.

21 *See* Plotsker Decl. ¶20.

22      Since the primary source of evidence in this matter will be witness testimony,

23 subpoena authority is of utmost importance. Subpoenas may command a witness to

24 attend trial only "within 100 miles of where the person resides, is employed, or

25 regularly transacts business in person" or, if the witness is an officer of a party,

26 "within the state where the person resides, is employed, or regularly transacts

27 business in person…." Fed. R. Civ. P. 45(c)(1). While out-of-state subpoena

28 authority may be extended to a party's employees, non-party affiliated witnesses can

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   be compelled to appear only by valid subpoena within the geographic limits set forth

2   in Fed. R. Civ. P. 45.

3        Even if these witnesses would be willing to testify without the need for

4   subpoenas, the contrast in costs is stark if the action is venued in California instead

5   of Missouri. The costs for at least six witnesses (there may  be more) to travel from

6   the Midwest and East Coast to California would be significant, whereas Plaintiff is

7   one of only three witness who lives in California. Transporting these essential

8   witnesses to California for trial would significantly, and unfairly, increase the costs

9   of litigation.

10        While Plaintiff may argue trial in California would be more convenient for

11   him, the "convenience of the plaintiff is not important to the balancing process…."

12   *Commodity Futures Trading Com. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

13   Even if the Court gives weight to plaintiff's chosen forum, this factor alone is ***not***

14   sufficient to prevent a transfer. *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949,

15   954 (9th Cir. 1968). "If the operative facts have not occurred within the forum and

16   the forum has no interest in the parties or subject matter, [the plaintiff's] choice is

17   entitled to only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th

18   Cir. 1987). "It is often said that the plaintiff may not, by choice of an inconvenient

19   forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or

20   trouble not necessary to his own right to pursue his remedy." *Gulf Oil Corp. v.*

21   *Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843 (1947).

22        This Court should give Plaintiff's choice of forum minimal weight, if any,

23   because the incidents giving rise to the operative facts occurred in both Missouri and

24   Massachusetts, and the Northern District of California has no interest in the parties

25   or subject matter.

26                      **iii.   Administrative Difficulties flowing from Court**

27                          **Congestion**

28        The court can also weigh the congestion of the two venues in evaluating a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3:19-cv-08459

1  motion to transfer venue.  In this case, the Northern Central District is substantially

2  more burdened when compared to the Eastern District of Missouri. In the 12-month

3  period ending March 31, 2020, the Northern District of California had 8,788 filings

4  commence whereas the Eastern District of Missouri had only 3,481.[2]

5      The burden on each judge is substantially greater in California. Each of the 14

6  judges in the Northern District of California is assigned, on average, 627 actions per

7  year, whereas each of the 9 judges in the Eastern District of Missouri is assigned an

8  average of 386 actions. Not only is Missouri more convenient to the parties and to

9  all pertinent witnesses, it is also more convenient to the courts themselves.

10  California has only a limited interest in this matter and is markedly overburdened

11  with other cases.

12              C. **CONCLUSION**

13      Based on the foregoing Defendant respectfully requests this Court enter an

14  Order transferring this case to the Eastern District of Missouri because it would

15  serve the convenience of the parties and witnesses and would be in the interests of

16  justice.

17

18  DATED:  October 27, 2020          JOHN L. BARBER

19                                    JULIE W. O'DELL
                                      LAUREN E. WERTHEIMER

20                                    LEWIS BRISBOIS BISGAARD & SMITH LLP

21

22

23                                    By: _____

24                                         LAUREN E. WERTHEIMER
                                           Attorneys for Defendant UNITED

25                                         SCHUTZHUND CLUBS OF AMERICA

26

27  [2] https://www.uscourts.gov/statistics/table/c-1/federal-judicial-caseload-statistics/2020/03/31

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**FEDERAL COURT PROOF OF SERVICE**

Nagy v. United Schutzhund Clubs of America, et al.
3:19-cv-08459-CRB

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

   At the time of service, I was over 18 years of age and not a party to the action.  My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

   On October 27, 2020, I served the following document(s):  DEFENDANT UNITED SCHUTZHUND CLUBS OF AMERICA'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

   I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

James Mills               Attorneys for Plaintiff
Law Offices of James Mills
1300 Clay Street, Suite 600
Oakland, CA 94612
Tel: 510-521-8748
Email: james@jamesmillslaw.com

   The documents were served by the following means:

☒  (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

   I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

   Executed on October 27, 2020, at Los Angeles, California.

_____
Lily Hernandez

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1                   3:19-cv-08459