## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ZOLTAN NAGY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-01743-SEP |
| ) | |
| UNITED SCHUTZHUND CLUBS ) | |
| OF AMERICA, et al., ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Notice of Motion and Motion to Dismiss Complaint for Failure to Prosecute. Doc. [86]. Plaintiff's response was due July 28, 2022, and neither a response nor a motion for extension of time has been filed. For the reasons set forth below, the motion is granted, and this case is dismissed.

### FACTUAL BACKGROUND

Plaintiff Zoltan Nagy brought this lawsuit against Defendants United Schutzhund Clubs of America and Jim Alloway[1] in the United States District Court for the Northern District of California, and it was later transferred to this Court. The initial case management order after transfer required the parties to make Rule 26(a)(1) disclosures no later than February 3, 2022. Doc. [73] ¶ I.3(a). Defendants served their initial disclosures on February 3rd; Plaintiff did not. Docs. [87] ¶¶ 3, 4; [87-1]. Defendants then emailed Plaintiff about the initial disclosures on February 7th, 10th, and 22nd, but they received no response. Docs. [87] ¶ 5; [87-2].

On February 22, 2022, Defendants served Plaintiff with requests for admissions, requests for production, and interrogatories, and they noticed a deposition of Plaintiff. Docs. [87] ¶ 6; [87-3]. Plaintiff's responses to the discovery requests were due March 24th. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). Plaintiff did not respond by that date. Doc. [87] ¶ 7.

On April 7, 2022, counsel for Defendants sent Plaintiff's counsel a meet-and-confer letter regarding both the overdue initial disclosures and the overdue responses to discovery requests. *Id.* ¶ 8; *see also* Doc. [87-4].

---

[1] The Complaint also names "Does 1 to 10." Doc. [1]. As far as the Court can discern, no Doe has been identified.

1

On April 27, 2022—the day before the noticed deposition—Plaintiff's counsel emailed Defendants' counsel stating that he was sick and unable to proceed with deposition. Docs. [87] ¶ 10; [87-5] at 2.

On May 10, 2022, Defendants sent a follow-up email to Plaintiff's counsel, which included the April 7th meet-and-confer letter regarding the initial disclosures and discovery requests. Docs. [87] ¶ 11; [87-6]. The May 10th email gave notice that Defendants intended to request a teleconference with the Court in anticipation of filing a motion to compel and for sanctions. Docs. [87] ¶ 11; [87-6] at 2. Defendants received no response to that email. Doc. [87] ¶ 12.

On May 19, 2022, at 12:17 PM, Defendants emailed Plaintiff's counsel a draft memorandum requesting a discovery conference for his review, asking that Plaintiff's counsel respond by close of business the same day. Docs. [87] ¶ 13; [87-7]. Plaintiff's counsel did not respond. Doc. [87] ¶ 14.

On May 24, 2022, the Court granted Defendants' request for a teleconference and set it for May 26, 2022, via Zoom. Doc. [81]. Plaintiff's counsel logged on late to the call and represented that his repeated failures to respond were the result of his mother's health issues. Doc. [87] ¶ 16. The Court ordered Plaintiff to make his initial disclosures and respond to the February 22nd discovery requests by June 10th. Doc. [82]. The Court also gave Plaintiff until June 1st to provide Defendants' counsel with dates between July 11th and July 31st on which Plaintiff would be available for deposition. *Id.* Plaintiff failed to provide the initial disclosures and discovery responses by June 10th. Doc. [87] ¶ 17.

On June 28, 2022, Defendants filed the instant motion seeking dismissal of the case with prejudice. Doc. [86] at 2. As of that date, Defendants still had not received Plaintiff's initial disclosures and discovery responses. Doc. [87] ¶ 18. Plaintiff's response to Defendants' motion was due July 28, 2022. Doc. [85] ¶ I.5. As of the date of this Order, Plaintiff has not responded to the motion.

## LEGAL STANDARD

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Unless indicated to the contrary, dismissal under Rule 41(b) "operates as an adjudication on the merits." *Id.*

"A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders, or for intentional delay." *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259-60 (8th Cir. 1997) (citing Fed. R. Civ. P. 41(b)) (internal citations omitted). "This power enables the district courts to ensure the expeditious handling of cases and to protect the rights of opposing parties to be free of prejudice caused by a litigant's dilatory conduct." *Id.* at 1260 (citing

2

*Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976)). "The district court need only find that a litigant acted deliberately rather than accidentally, and need not find bad faith." *Id.* (citing *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992) (per curiam)).

The Eighth Circuit has cautioned that the "extreme sanction" of dismissal with prejudice should be applied only where a litigant has willfully disobeyed a court order or exhibited a pattern of intentional delay. *Id.* (quoting *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997); *First Gen. Res.*, 958 F.2d at 206). In considering whether to dismiss with prejudice, "[a] district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Id.* (citing *Moore*, 539 F.2d at 1193). Due to district courts' familiarity with the proceedings before them, the Eighth Circuit gives them "a large measure of discretion in deciding what sanctions are appropriate for misconduct." *Id.* (quoting *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984)).

## DISCUSSION

Dismissal with prejudice is warranted here. When they filed the instant motion, Defendants had notified Plaintiff about his failure to provide initial disclosures no fewer than six times, and Plaintiff had neither provided the disclosures nor responded to Defendants' correspondence. Docs. [87-2] at 2-3; [87-4] at 3; [87-6] at 2; [87-7] at 2. To the Court's knowledge, Plaintiff still has done neither. As well, Plaintiff has not responded to Defendants' February 22, 2022, discovery requests or Defendants' communications about the same. Docs. [87-4] at 3-4; [87-6] at 2; [87-7] at 2. Plaintiff further frustrated the progression of this case by canceling the deposition of Plaintiff the day before it was scheduled to occur.[2] Doc. [87-5] at 2.

At a teleconference on May 26, 2022, the Court gave Plaintiff another chance to provide the long-overdue disclosures and responses. Plaintiff's counsel represented that he would be able to provide them by June 10, 2022, but he did not meet that deadline and has offered no explanation or excuse.

At this point, the Court cannot avoid the conclusion that Plaintiff's disregard of Defendants' communications and this Court's orders is deliberate. After ignoring repeat communications over

---

[2] The Court notes that Plaintiff's only response to Defendants' correspondence (i.e., the email canceling Plaintiff's deposition) was sent from an email address that was listed as a recipient of Defendants' other emails concerning initial disclosures and discovery requests. *Compare* Doc. [87-5] at 2, *with* Docs. [87-2] at 2, [87-3] at 2, [87-4] at 2-3, [87-6] at 2, [87-7] at 2.

several months, he was given an opportunity to correct course and resume litigating this lawsuit, but he failed to meet the modified deadlines and provided no excuse, even in response to this motion. Plaintiff's determined disregard of the rules of discovery and this Court's orders, despite many warnings and opportunities to respond, amounts to the kind of willful disobedience that warrants dismissal with prejudice. *Hutchins*, 116 F.3d at 1260. Under the circumstances, the burden imposed by Plaintiff's misconduct outweighs the consequences of irrevocably extinguishing his claim, and no lesser sanction will remedy the effects of Plaintiff's misconduct on the Court or opposing counsel. *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Notice of Motion and Motion to Dismiss Complaint for Failure to Prosecute, Doc. [86], is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**. A separate order of dismissal will be entered herewith.

Dated this 11th day of August, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE